**HLD-006**                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1647
_____

IN RE:  DAVID A. LUSTER,

                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. Nos. 1-18-cv-00339 & 1-19-cv-00012)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 9, 2020

Before:  SMITH, Chief Judge, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: May 21, 2020)
_____

OPINION[*]
_____

PER CURIAM

     Pro se petitioner David Luster has filed a petition for writ of mandamus requesting

that we direct the United States District Court for the Western District of Pennsylvania to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

rule in his favor on two petitions he filed under 28 U.S.C. § 2241.  For the reasons

detailed below, we will deny the petition.

In 2004, Luster was convicted in the Middle District of Georgia of eight counts of

bank robbery and two counts of brandishing a firearm during a crime of violence, and

was sentenced to 535 months' imprisonment.  See M.D. Ga. Cr. A. No. 5:03-cr-00052,

ECF No. 47.  The Eleventh Circuit affirmed the criminal judgment.  See ECF No. #56.

Luster has filed several motions under 28 U.S.C. § 2255 in the Middle District of Georgia

and requests to file second or successive § 2255 motions in the Eleventh Circuit, all to no

avail.  See Luster v. Oddo, No. 5:17-cv-00264, 2017 WL 3821468, at *2 (M.D. Ga. Aug.

31, 2017) (summarizing filing history).

As relevant here, he has also filed two petitions under 28 U.S.C. § 2241 in the

Western District of Pennsylvania, his district of incarceration.  He filed the first in

October 2018, claiming that both his § 924(c) convictions and his restitution order are

invalid under Johnson v. United States, 135 S. Ct. 2551 (2015).[1]  See W.D. Pa. Civ. A.

No. 1:18-cv-0339.  Second, in January 2019, Luster filed another § 2241 petition raising

a similar Johnson-based claim.  See W.D. Pa. Civ. A. No. 1:19-cv-0012.

Luster then filed his mandamus petition, seeking to "compel the United States

District Court for the Western District of Pennsylvania to reach a decision on these

---

[1] In Johnson, the Supreme Court held that the so-called residual clause of the Armed
Career Criminal Act is unconstitutionally vague.  135 S. Ct. at 2557.

[petitions]." 3d Cir. ECF No. 1. He also asks this Court to direct the District Court to rule in his favor.

After Luster filed his mandamus petition, the District Court dismissed his § 2241 petition for lack of jurisdiction in W.D. Pa. Civ. A. No. 1:18-cv-0339, see ECF No. 21, and a Magistrate Judge recommended that the District Court do the same in W.D. Pa. Civ. A. No. 1:19-cv-0012, see ECF No. 20.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Because a district court has discretion in managing the cases on its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), mandamus relief is warranted only when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79.

Luster is not entitled to mandamus relief. To the extent that he asked us to order the District Court rule on his § 2241 petition in W.D. Pa. Civ. A. No. 1:18-cv-0339, he has already received the relief he requested and there is no other effective relief that we can grant. Further, since the Magistrate Judge recently issued a report and recommendation in W.D. Pa. Civ. A. No. 1:19-cv-0012, we decline to find that any delay in that case is "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

3

To the extent that Luster asks us to direct the District Court to rule in his favor, we will likewise deny his petition because mandamus is not the only means to obtain the relief he seeks. Rather, he can appeal any adverse decisions to this Court through the normal appellate process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

Accordingly, we will deny Luster's mandamus petition.